Citation Nr: 1725261 
Decision Date: 06/20/17 Archive Date: 07/17/17

DOCKET NO. 08-21 574 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Entitlement to service connection for tension headaches, to include as due to undiagnosed illness or other qualifying chronic disability, pursuant to 38 C.F.R. § 3.317.

2. Entitlement to service connection for chronic obstructive pulmonary disease (COPD), to include as due to undiagnosed illness or other qualifying chronic disability, pursuant to 38 C.F.R. § 3.317.

3. Entitlement to service connection for a sleep disorder, to include obstructive sleep apnea (OSA), to include as due to undiagnosed illness or other qualifying chronic disability, pursuant to 38 C.F.R. § 3.317.



REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


ATTORNEY FOR THE BOARD

C. Kersten, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1959 to March 1960, from May 1960 to April 1963, and from June 1976 to April 1994. He was stationed in Southwest Asia from December 1990 to May 1991. 

The Veteran died in June 2015, and the appellant is the Veteran's surviving spouse. The appellant has been substituted as claimant in this appeal.

These matters on appeal before the Board of Veterans' Appeals (Board) arise from an April 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office in Louisville, Kentucky, that, in pertinent part, denied entitlement to service connection for tension headaches, COPD and a sleep disorder. 

In August 2014, the Board issued a decision denying the Veteran's claims of entitlement to service connection for tension headaches, COPD and sleep disorder. The Veteran appealed the Board's decision to the Court of Appeals for Veterans Claims (Court). In an April 2015 Joint Motion for Remand (JMR), the Court remanded the appeal for additional development. In August 2015, the Board dismissed the appeal for lack of jurisdiction, as the Veteran had died in June 2015, and the substitution of the appellant had not yet been effectuated. As noted above, the appellant, was substituted in March 2016, and these matters are once again before the Board on appeal. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Initially, the Board notes that the Veteran had qualifying service in the Southwest Asia Theater of operations during the Persian Gulf War. 

The appellant contends that the Veteran's tension headaches, COPD and a sleep disorder were the result of his exposure to toxins and other environmental factors while stationed in Saudi Arabia from December 1990 to May 1991, during Operation Desert Storm. The Veteran sought service connection on a direct basis, or in the alternative, on the basis of the provisions of 38 U.S.C.A. 1117 (West 2014) § 38 C.F.R. § 3.317 (2016). In August 2014, the Board denied service connection on both a direct basis and under 38 C.F.R. § 3.317, finding that the Veteran's disabilities did not qualify as "undiagnosed illnesses" under the statute. In the April 2015 JMR, the parties agreed that the Board erred in not considering whether any of these disabilities were "medically unexplained chronic multisymptom illnesses," defined in 38 C.F.R. § 3.317(a)(2)(ii) as a "diagnosed illness without conclusive pathophysiology or etiology." The JMR therefore required the Board to consider whether the Veteran's tension headaches, COPD and sleep disorder were medically unexplained chronic multisymptom illnesses, and to complete any development necessary to make such a determination.

The determination as to whether an illness qualifies under the referenced section is "solely a medical determination." See 38 C.F.R. § 3.317(a)(2)(i)(B). The Board finds that the record does not contain sufficient medical evidence regarding the etiology of the Veteran's disabilities. Accordingly, a medical opinion that addresses the relevant theories of entitlement should be obtained on remand. 

Accordingly, the case is REMANDED for the following action:

1. Obtain a VA medical opinion from a medical doctor (M.D.) with the appropriate expertise, to determine the nature and etiology of the Veteran's tension headaches, COPD and sleep disorder. The claims folder and a copy of this REMAND must be made available to the physician providing the opinion, and the physician is asked to indicate that he or she has reviewed the claims folder. The physician should include a discussion of the Veteran's documented medical history and assertions.

The examiner is requested to opine:

a) Whether it is at least as likely as not (a 50% or greater probability) that any diagnosed tension headaches, COPD and a sleep disorder, to include OSA, had its onset in, or was caused by active duty service, to include Gulf War exposures to toxins and other environmental factors. 

b) Whether the Veteran's tensions headaches, COPD, and sleep disorder, to include OSA, is a medically unexplained chronic multisymptom illness that is defined by a cluster of signs or symptoms, such as chronic fatigue syndrome, fibromyalgia, and/or irritable bowel syndrome. A medically unexplained chronic multisymptom illness is a diagnosed illness without conclusive pathophysiology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Signs or symptoms which may be manifestations of medically unexplained chronic multisymptom illness include, but are not limited to fatigue, skin signs or symptoms, headache, muscle pain, joint pain, neurological signs or symptoms, neuropsychological signs or symptoms, upper or lower respiratory systems signs or symptoms, sleep disturbances, gastrointestinal signs or symptoms, cardiovascular signs or symptoms, abnormal weight loss, and menstrual disorders.

These opinions must be accompanied by adequate reasons and bases for all conclusions. If the physician finds that one etiological explanation is more likely than another, such opinion should provide a clear rationale for that finding and a thorough discussion of all findings should be set forth.

2. Then, readjudicate the claims. If any benefits sought on appeal remains denied, the appellant should be provided a supplemental statement of the case and allowed the appropriate time for response. Then, return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
LESLEY A. REIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).